HELEN D. MORGAN, Plaintiff, *v.* JESSIE M. RODERMOND, Defendant.

Supreme Court, Rockland Special Term, June 2, 1924.

**Mortgages — foreclosure — stipulation in bond providing that principal should become due at option of mortgagee after default in payment of any installment of principal or interest is valid — acceptance of check in payment of overdue interest not waiver of mortgagor's default or mortgagee's right to foreclose.**

A stipulation in a bond, for which a mortgage is given as security, providing that the whole of the principal should become due, at the option of the mortgagee, after default in the payment of any installment of principal or interest for thirty days, is legal, valid and enforcible, and not in the nature of a penalty or forfeiture.

Acceptance of a check by the mortgagee in payment of overdue interest upon the mortgage does not serve to waive the mortgagor's default in payment, the mortgagee's election to consider the principal immediately due and the right to institute foreclosure proceedings, where there was notice to the mortgagor that the check was accepted conditionally and with a reservation of the foregoing equities.

MOTION by defendant to dismiss complaint on ground that it does not state facts sufficient to constitute a cause of action.

*Breed, Abbott & Morgan,* for the plaintiff.

*Milton Gladstone,* for the defendant.

TOMPKINS, J. The plaintiff is mortgagee of a piece of property situated in Rockland county, N. Y., of which the defendant is owner and mortgagor. The mortgage was made on May 15, 1922, payable in five years, to secure the payment of $14,000 with interest thereon, payable semi-annually at six per cent. The bond, for which the mortgage was given as security, provided that the whole of said principal should become due, at the option of the plaintiff, after default in the payment of any installment of principal or of interest for thirty days or after default in the payment of any tax or assessment for thirty days after notice and demand.

The defendant defaulted in payment of the interest due on November 15, 1923, and on December 12, 1923, sent plaintiff a post-dated check to pay said installment of interest, stating in effect in a letter that the funds would be in the bank to meet said check upon said post-date. The plaintiff refused to accept said check, and returned it to the defendant on the same date, with a letter in which plaintiff told the defendant to include interest on interest when paying the installment due. On December 22, 1923, the interest still remaining unpaid, and being thirty-seven days overdue, the plaintiff, according to the stipulation in the mortgage, notified the defendant in writing that she elected to consider the whole principal sum immediately due, and stated that this sum must be paid not later than February 1, 1924.

On December 24, 1923, the defendant sent plaintiff a check to pay the interest due November 15, 1923, and in addition to said interest the amount of two dollars and eighty cents as interest on the deferred payment from November 15, 1923, to December 24, 1923. This check was accepted by the plaintiff with notice to the defendant that by so doing she did not waive the defendant's default in the payment of interest, or her election to consider the principal sum due, or her right to institute foreclosure proceedings.

This motion is made by the defendant to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

There is no doubt in my mind that the plaintiff had a right to elect to treat the mortgage made by the defendant as due, because of defendant's default in the payment of interest for more than thirty days, and that the stipulation to this effect was legal, valid and enforcible, and not in the nature of a penalty or forfeiture.

Though the defendant sent her check by mail to the plaintiff

for the installment of interest past due, together with interest on interest from the due date, November 15, 1923, to the date of payment, December 24, 1923, in accordance with the suggestion contained in plaintiff's letter of December 12, 1923, yet before the date on which the payment of interest was made, namely, on December 22, 1923, the plaintiff had notified the defendant that she elected that the whole principal sum be immediately due, and must be paid not later than February 1, 1924, and it was with knowledge of the plaintiff's election, according to the stipulation of both parties, that the defendant made the tender of interest, and this interest was accepted by the plaintiff with the distinct understanding that defendant's default was not thereby waived.   The defendant did not tender the check with the condition that the plaintiff should waive her election, but tendered the check in payment of the interest then overdue, with full knowledge that the plaintiff had made her election. as she had a right to do, and the plaintiff accepted the check conditionally, as stated above.

For these reasons, the defendant's motion to dismiss the complaint must be denied, with ten dollars costs.

Ordered accordingly. _____